FILED
CLERK, U.S. DISTRICT COURT
10/12/2016
CENTRAL DISTRICT OF CALIFORNIA
BY: AP     DEPUTY



**FILED & ENTERED**

SEP 15 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY chackel  DEPUTY CLERK

# NOT FOR PUBLICATION

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA
### NORTHERN DIVISION    DC No. 2:16-cv-07590-FMO

| | |
|---|---|
| In re: | Case No. 9:16-bk-10631-PC |
| DOUGLAS GILLIES, | Adversary No. 9:16-ap-01065-PC |
| Debtor. | Chapter 13 |
| DOUGLAS GILLIES, | **MEMORANDUM DECISION** |
| Plaintiff, | Date: September 8, 2016 |
| v. | Time: 10:00 a.m. |
| JPMORGAN CHASE BANK, N.A., et al., | Place: United States Bankruptcy Court Courtroom # 201 1415 State Street Santa Barbara, CA 93101 |
| Defendants. | |

This matter comes before the court on a motion by Defendants, JPMorgan Chase Bank, N.A., et al. ("Chase") seeking a dismissal of a Complaint Re: 1) Lack of Standing Re: Foreclosure; 2) Quiet Title; and 3) Declaratory and Injunctive Relief ("Complaint") filed by Plaintiff, Douglas Gillies ("Gillies") pursuant to F.R.Civ.P. 12(b)(6).[1]  Gillies opposes the motion.  Appearances were stated on the record.  The court, having considered the pleadings and

---

[1] Unless otherwise indicated, all "Code," "chapter" and "section" references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330. "Rule" references are to the Federal Rules of Bankruptcy Procedure ("FRBP"), which make applicable certain Federal Rules of Civil Procedure ("F.R.Civ.P."). "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California ("LBR").

arguments of the parties, will recommend to the district court that Chase's motion be granted and Gillies' Complaint be dismissed without leave to amend based upon the following findings of fact and conclusions of law made pursuant to F.R.Civ.P. 52(a)(1), as incorporated into FRBP 7052 and applied to adversary proceedings in bankruptcy cases.[2]

I. STATEMENT OF FACTS

On June 15, 2016, Gillies filed the Complaint in this adversary proceeding. The subject of the litigation is a Fixed/Adjustable Rate Note ("Note") executed by Gillies in the original principal sum of $500,000 and payable to the order of Washington Mutual Bank, FA ("WMBFA") dated August 12, 2003, and a Deed of Trust of even date therewith against the real property and improvements at 3756 Torino Drive, Santa Barbara, CA ("Property"), recorded as Instrument No. 2003-0116698 in the Official Records, County of Santa Barbara, on August 27, 2003.

Gillies' Complaint seeks damages in excess of $100,000, a declaratory judgment quieting title to the Property, and a permanent injunction prohibiting Chase from taking further action to foreclose on the Property under the Deed of Trust. The substance of Gillies' Complaint is contained in his First Claim for Relief entitled "Lack of Standing Re: Foreclosure" in which he alleges that (1) "[Chase] has no beneficial interest because the loan was sold to a mortgage-backed securities trust prior to [Chase's] purchase from WaMu[;] (2) that "[Chase] does not have standing to enforce the Promissory Note because [Chase] is not the owner of the Note, [Chase] is not a holder of the Note, and [Chase] is not a beneficiary under the Note[;]" (3) that "[Chase] does not hold a beneficial interest in [Gillies'] Note, so it cannot authorize Trustee Corps to conduct a trustee's sale of [Gillies'] property[;]" and (4) [Chase] "lack[s] standing to foreclose on the mortgage."[3] Despite the claim that he has no adequate remedy at law, Gillies also prays for an award of "[a]ctual damages for depreciation to the Property in excess of $100,000.00"[4]

---

[2] This Memorandum Decision constitutes the bankruptcy court's proposed findings of fact and conclusions of law for purposes of 28 U.S.C. § 157(c)(1). This Memorandum Decision will be transmitted to the United States District Court for entry of a final order or judgment after de novo review pursuant to 28 U.S.C. § 157(c)(1).

1   On August 15, 2016, Chase filed its Motion to Dismiss Plaintiff's Adversary Complaint
2   ("Motion") seeking a dismissal of Gillies' Complaint pursuant to F.R.Civ.P. 12(b)(6) without
3   leave to amend.[5]  Gillies filed his Opposition to Motion To Dismiss Adversary Complaint
4   ("Opposition") on August 25, 2016, to which Chase replied on September 1, 2016.  After a
5   hearing on September 8, 2016, the court took the matter under submission.

## II.  DISCUSSION

This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b).  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (K) and (O).  To the extent that the claims made the basis of Gillies' Complaint constitute "Stern claims,"[6] Gillies and Chase do not consent to the entry of a final judgment by the bankruptcy court.  Venue is appropriate in this court.  28 U.S.C. § 1409(a).

A.  Standard for Dismissal Under Rule 12(b)(6)

Rule 12(b)(6) authorizes the court, upon motion of the defendant, to dismiss a complaint for failure to state a claim upon which relief can be granted.[7]  F.R.Civ.P. 12(b)(6).  "The purpose of F.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery."  Rutman Wine Co. v. E.&J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987).

---

[3] Complaint, 7:14-26.

[4] Id. at 10:18.

[5] The court grants JPMorgan Chase Bank N.A.'s Request for Judicial Notice in Support of Motion to Dismiss Plaintiff's Adversary Complaint ("Chase's RJN"), and takes judicial notice of the documents attached thereto as Exhibits A through U pursuant to Rule 201(c)(1) of the Federal Rules of Evidence.

[6] "These claims are called 'Stern claims,' so named after the Supreme Court's decision in Stern v. Marshall, [564 U.S. 462] (2011).  Stern claims are claims 'designated for final adjudication in the bankruptcy court as a statutory matter, but prohibited from proceeding in that way as a constitutional matter.'"  Mastro v. Rigby, 764 F.3d 1090, 1093 (9th Cir. 2014) (citation omitted).

[7] Rule 12(b)(6) is applicable to adversary proceedings by FRBP 7012(b).

1       Under Rule 8(a), a complaint must contain "a short and plain statement of the claim
2  showing that the pleader is entitled to relief."[8]  F.R.Civ.P. 8(a)(2).  "[T]he pleading standard
3  Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an
4  unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662,
5  678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).  "[A] complaint
6  must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible
7  on its face.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  "A claim has facial
8  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
9  inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678
10 (quoting Twombly, 550 U.S. at 556).  "[A] complaint [that] pleads facts that are 'merely
11 consistent with' a defendant's liability . . . 'stops short of the line between possibility and
12 plausibility of entitlement to relief.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).
13 The trial court need not accept as true conclusory allegations in a complaint, or legal
14 characterizations cast in the form of factual allegations.  Twombly, 550 U.S. at 555-56.
15      "[S]tanding is a threshold question" the court must "resolve before proceeding to the
16 merits."  Los Angeles County Bar Ass'n v. Eu, 979 F.2d 697, 700 (9th Cir. 1992).  "Article III
17 standing requires the plaintiff to establish standing for each challenge he wishes to bring and
18 each form of relief he seeks."  Sacks v. Office of Foreign Assets Control, 466 F.3d 764, 771 (9th
19 Cir. 2006).  "To survive a Rule 12(b)(6) motion to dismiss, [the plaintiff] must allege facts in his
20 [Complaint] that, if proven, would confer standing upon him."  Id.
21      A Rule 12(b)(6) dismissal may be based on either the lack of a cognizable legal theory, or
22 the absence of sufficient facts alleged under a cognizable legal theory.  Johnson v. Riverside
23 Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008).  A claim cannot be plausible when it has
24 no legal basis.
25
26 _____
27 [8] Rule 8(a) is applicable to adversary proceedings by FRBP 7008(a).
28

B. <u>Court's Inquiry is Not Limited to the Allegations of the Complaint</u>.

"In deciding Rule 12(b)(6) motions, courts are not strictly limited to the four corners of complaints." <u>Outdoor Cent., Inc. v. GreatLodge.com, Inc.</u>, 643 F.3d 1115, 1120 (8th Cir. 2011). Courts may consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned; these items may be considered by the [court] without converting the motion into one for summary judgment." Wright & Miller, Federal Practice and Procedure: Civil 3d § 1357, at 376 (2004). <u>See, e.g.</u>, <u>U.S. v. Ritchie</u>, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may . . . consider certain materials – documents attached to the complaint, documents incorporated by reference into the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment."); <u>Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.</u>, 245 F.2d 67, 70 (9th Cir. 1956) ("[J]udicial notice may be taken of a fact to show that a complaint does not state a cause of action."); <u>Branch v. Tunnell</u>, 14 F.3d 449, 454 (9th Cir. 1994) ("[W]e hold that documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss."), <u>cert. denied</u>, 512 U.S. 1219 (1994); <u>Barapind v. Reno</u>, 72 F.Supp.2d 1132, 1141 (E.D. Cal. 1999) ("Matters of public record may be considered, including pleadings, orders, and other papers filed with the court or records of administrative bodies."); <u>Roe v. Unocal Corp.</u>, 70 F.Supp.2d 1073, 1075 (C.D. Cal. 1999) ("[E]ven if a document is neither submitted with the complaint nor explicitly referred to in the complaint, the . . . court may consider the document in ruling on a motion to dismiss so long as the complaint necessarily relies on the document and the document's authenticity is not contested.").

C. <u>Claim Preclusion</u>

"Claim preclusion, often referred to as <u>res judicata</u>, bars any subsequent suit on claims that were raised or could have been raised in a prior action." <u>Cell Therapeutics, Inc. v. Lash Group, Inc.</u>, 586 F.3d 1204, 1212 (9th Cir. 2009). Claim preclusion requires a showing of the

5

following three elements: (1) identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties. Id. at 1212. "Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." Tahoe Sierra Preservation Council, Inc. v. Tahoe Reg. Planning Agency, 322 F.3d 1064, 1078 (9th Cir. 2003).

D. Gillies' First Claim for Relief Must be Dismissed for Failure to State a Claim Upon Which Relief Can be Granted.

With respect to Gillies' First Claim for Relief, the court notes that "[a] lender or foreclosure trustee may only be liable to the mortgagor or trustor for wrongful foreclosure if the property was fraudulently or illegally sold under a power of sale contained in a mortgage or deed of trust." Rosenfeld v. JPMorgan Chase Bank, N.A., 732 F.Supp.2d 952, 961 (N.D. Cal. 2010). Because it is undisputed that a no foreclosure sale of the Property has occurred, the court finds any cause of action against Chase for wrongful foreclosure is premature. Id. See Kan v. Guild Mortg. Co., 230 Cal.App.4th 736, 750 ("[A]lowing a plaintiff to assert a preemptive action . . . 'would result in the impermissible interjection of the courts into a nonjudicial foreclosure scheme enacted by the California Legislature.'").

Gillies does not cite to a statute, common law rule, or other authority providing for a claim for "lack of standing re foreclosure." "[T]here is no cause of action for 'wrongful threatened foreclosure.'" Santos v. Countrywide Home Loans, 2009 WL 3756337, *3 (E.D. Cal. 2009). "[T]he overwhelming majority of states like California who provide for nonjudicial foreclosure, do not recognize such a cause of action." Id. To the extent Gillies' First Claim for Relief entitled "Lack of Standing Re Foreclosure" is predicated on the assertion that Chase does not have standing to enforce the Note because Chase is not the owner of the Note, the holder of the Note, or a beneficiary under the Note and Deed of Trust, Gillies' claim is barred by res judicata.

1. Case No. 1340786 ("Gillies I")

On August 13, 2009, California Reconveyance Company, as Trustee ("CRC") recorded a notice of a default in the payments to Chase under the Note and Chase's election to sell the

6

Property under the Deed of Trust.[9] On November 18, 2009, CRC recorded a Notice of Trustee's Sale which set a foreclosure sale of the Property under the Deed of Trust on December 7, 2009.[10] On November 25, 2009, Gillies filed a complaint in Case No. 1340786, <u>Gillies v. California Reconveyance Co, et al.</u>, in the Superior Court of California, County of Santa Barbara, seeking to stop the foreclosure sale. In his first amended complaint, Gillies alleged, in pertinent part, that:

> 22. An actual controversy has arisen and now exists between plaintiff and defendants concerning their respective rights and duties. Plaintiff contends that defendants are not authorized to publish, post, serve, or record a Notice of Trustee's Sale under § 2923.52 any sooner than March 7, 2010 – three months plus 90 days after recording the Notice of Default – on the grounds that defendants have posted a Notice of Trustee's Sale that fails to comply with Civ. Code § 2923.52, 2923.54, and 2924, whereas defendants assert that they were entitled to sell the residence on December 7, 2009. A judicial declaration is necessary and appropriate at this time in order that the parties may ascertain their rights and duties under the note and trust deed. . . .
>
> 25. Plaintiff is informed and believes and on such information and belief alleges that Defendants CRC and Chase claim an interest adverse to plaintiff in the residence as assignees, beneficiaries or holders of the [Note] and Deed of Trust . . . . Some of the defendants claim interests in the property adverse to plaintiff as assignees and successors of Washington Mutual Bank.[11]

Gillies sought a declaratory judgment quieting title against the claims of CRC and Chase, damages in excess of $100,000, and a permanent injunction prohibiting CRC and Chase from taking further action to foreclose on the Property under the Deed of Trust. CRC and Chase filed a demurrer to the first amended complaint, which was sustained by the trial court without leave to amend. Gillies appealed and the California Court of Appeals affirmed, stating:

> Gillies argues . . . that Chase is not the mortgagee. He points out that Washington Mutual Bank is named beneficiary of the trust deed.
>
> Here the trial court took judicial notice of the purchase and assumption agreement between the Federal Deposit Insurance Corporation (FDIC) as receiver for

---

[9] Chase's RJN, Exhibit A.

[10] <u>Id.</u> at Exhibit B.

[11] <u>Id.</u> at Exhibit H, 5:2-10; 6:10-15.

Washington Mutual Bank and Chase. The agreement provides that Chase purchases "all right, title and interest of the Receiver in and to all assets" of Washington Mutual Bank. The agreement also states that Chase "specifically purchases all mortgage servicing rights and obligations of [Washington Mutual Bank]." The agreement is maintained on the FDIC's official government website, and is not reasonably subject to dispute. Thus it contains facts that may be judicially noticed. . . .

There is simply no reasonable dispute that Chase is Washington Mutual Bank's successor-in-interest as to Gillies's trust deed. The trial court properly sustained Chase's demurrer to the fifth cause of action.[12]

2. Case No. 1381828 ("Gillies II")

On June 30, 2011, CRC recorded a second Notice of Trustee's Sale which set a foreclosure sale of the Property under the Deed of Trust on July 25, 2011.[13] On July 13, 2011, Gillies filed a complaint in Case No. 1381828, Gillies v. California Reconveyance Co, et al., in the Superior Court of California, County of Santa Barbara, seeking to stop the foreclosure sale. In his complaint, Gillies alleged that the notice of default violated California Civil Code § 2923.5, and that the "Dougles Gillies" named in the notice of default and notice of sale was a fictitious person. Gillies further alleged that:

> An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties. Plaintiff contends that Defendants are not authorized to publish, post, serve, or record a Notice of Trustee's Sale and are not entitled to sell the Property on the grounds that CRC is not a Trustee, Washington Mutual is not a Beneficiary of Record, and no Notice of Trustee's Sale has been recorded stating the name of the owner of the Property . . . .[14]

Gillies' complaint was stricken by the trial court on the motion of CRC. The California Court of Appeals affirmed the trial court's ruling, stating:

> This is the second action brought by Douglas Gillies in an attempt to prevent foreclosure of a trust deed on his home. The trial court concluded the present action is barred by the doctrine of res judicata. We affirm.[15]

---

[12] Id. at Exhibit I, at 6.

[13] Id. at Exhibit C.

[14] Id. at Exhibit J, 4:20-25.

[15] Id. at Exhibit K, 1.

In response to Gillies' argument that the second action raised new and independent claims against CRC and Chase, the Court of Appeals stated that:

> [R]es judicata bars re-litigation of not only claims that were determined in the prior action, but claims that could have been raised in the prior action. Here, there is no reason why Gillies could not have raised the new issues in Gillies I.[16]

3.  Case No. CV12-10394-GW (MANx) ("Gillies III")

On November 8, 2012, CRC recorded a third Notice of Trustee's Sale which set a foreclosure sale of the Property under the Deed of Trust on December 12, 2012.[17] On December 5, 2012, Gillies filed a Complaint Re: 1) Wrongful Foreclosure; 2) Quiet Title; and 3) Declaratory and Injunctive Relief in Case No. CV12-10394-GW (MANx), Gillies v. JP Morgan Chase Bank N.A., et.al, in the United States District Court for the Central District of California, seeking to stop the foreclosure sale. In his complaint, Gillies alleged, in pertinent part, that "[n]either WaMu, CRC nor Chase has recorded a transfer of beneficial interest in Plaintiff's Note to Chase" and therefore, "Chase does not have standing to enforce the Note because Chase is not the owner of the Note, Chase is not the holder of the Note, and Chase is not a beneficiary under the Note."[18] Gillies sought damages of $100,000, a declaratory judgment quieting title to the Property, and a permanent injunction preventing Chase from taking further action to foreclose on the Property under the Deed of Trust. Gillies attached the Note to the complaint as Exhibit 6.

On February 7, 2013, the district court granted Chase's motion to dismiss Gillies' complaint without leave to amend and dismissed the complaint with prejudice. In its ruling, the district court stated:

> [T]he harm alleged to have been suffered in the state actions is the same as that alleged here, namely the loss of Plaintiff's home due to foreclosure, and related economic injuries. . . .

---

[16] Id. at Exhibit K, 3-4 (citation omitted).

[17] Id. at Exhibit D.

[18] Id. at Exhibit L, 6:7-11.

9

> [E]ven were Plaintiff to be correct that the case at bar raises new arguments and facts to support his claims that Defendant wrongfully foreclosed on the Property and to quiet title thereof, "a judgment for the defendant is a bar to a subsequent action by the plaintiff based on the same injury to the same right, even though [the plaintiff] presents a different legal ground for relief."[19]

Gillies appealed and the district court's dismissal order was affirmed by the Ninth Circuit Court of Appeals on March 3, 2016.[20]

    4.  Case No. 15 CV 04560 ("Gillies IV")

On November 16, 2015, MTC Financial, d/b/a Trustee Corps, as Trustee, recorded a Notice of Trustee's Sale setting a foreclosure sale of the Property under the Deed of Trust for December 30, 2015.[21] Gillies responded by filing a Complaint for California HBOR Violations, Lack of Standing to Foreclose, Injunctive Relief to Enjoin Illegal Foreclosure, Damages and Attorneys' Fees in Case No. 15 CV 04560, Gillies v. MTC Financial Inc. dba Trustee Corps, et al., in the Superior Court of California, County of Santa Barbara, on December 18, 2015.[22] In his Second Cause of Action entitled "Lack of Standing; Wrongful Foreclosure," Gilles alleged:

> 20. Cal. Civ. Code § 2924(a)(6) restricts the authority to foreclose to the beneficiary under the [Deed of Trust], the original or properly substituted trustee, or a designated agent of the beneficiary. A sale is void where the foreclosing entity lacked authority to foreclose. The Substitution of Trustee recorded on October 15, 2015, identifies JPMorgan as the current beneficiary.
>
> 21. In response to plaintiff's Qualified Written Request, JPMorgan delivered to plaintiff in August 2015 one copy of plaintiff's [Note]. JPMorgan cannot produce the original Note because JPMorgan does not own the loan and cannot identify the owner of the loan. Plaintiff's loan was not identified as an asset in the Purchase and Assumption Agreement under which JPMorgan purchased certain assets of WaMu in September 2008.
>
> 22. JPMorgan claims to hold a beneficial interest in plaintiff's property as a result of its assumption of "certain" unnamed assets of WaMu in September 2008, but WaMu did not hold a beneficial interest in plaintiff's property in 2008.

---

[19] Id. at Exhibit M, 3.

[20] Id. at Exhibit N.

[21] Id. at Exhibit G.

[22] Id. at Exhibit S.

10

> 23. The Note bears a blank endorsement on the back of the final page signed by Jess Almanza, AVP. . . .
>
> 24. WaMu had no reason to direct an Assistant Vice President to sign the blank endorsement of plaintiff's Note unless a sale of the Note was imminent. Therefore, plaintiff's Note and Deed of Trust were almost certainly sold to a third party before the Purchase & Assumption Agreement transferred "certain" of WaMu's assets to JPMorgan in September 20008.  WaMu was not a beneficiary or mortgagee when JPMorgan purchased WaMu's assets and JPMorgan was not the beneficiary under plaintiff's Note when it attempted to assign the [Deed of Trust] to AVP and instructed AVP to file a Notice of Trustee's Sale. . . .
>
> 29. JPMorgan had no beneficial interest in the Deed of Trust when it instructed Trustee Corps to record the Notice of Trustee's Sale on November 16, 2015. JPMorgan did not have standing to enforce the [Note] because JPMorgan was not the owner of the Note, JPMorgan was not a holder of the Note, and JPMorgan was not a beneficiary under the Note. . . . [D]efendants lack standing to foreclose on the mortgage.[23]

On March 23, 2016, the trial court sustained Chase's demurrer to Gillies' complaint without leave to amend, stating that Chase has standing to foreclose and that "Gillies' Lack of Standing, Wrongful Foreclosure, Illegal Substitution of Trustee, Fraud, and Injunction causes of action also fail because they are barred by res judicata and other incurable deficiencies."[24]  Gillies' appeal of the order is pending before the California Court of Appeals.  Gillies' filed the Complaint in this adversary proceeding initiating "Gillies V" during the pendency of such appeal.

    5.   Identity of the Parties

Gillies was the plaintiff and Chase was a defendant in Gillies I, Gillies II, Gillies III, and Gillies IV.  Gillies and Chase are the parties to this action – Gillies V.  Chase is asserting res judicata against Gillies, who is the plaintiff in this case and was the plaintiff in each of the prior proceedings.  There is an identity of parties sufficient to apply res judicata.

    6.   Prior Proceedings Resulting in a Final Judgment on the Merits

"[A] judgment on a general demurrer will have the effect of a barring a new action in which the complaint states the same facts which were held not to constitute a cause of action on

---

[23] Id. at Exhibit S, 6:22-7:27; 9:9-18.

[24] Id. at Exhibit T, 3.

the former demurrer or, notwithstanding differences in the facts alleged, when the ground on which the demurrer in the former action was sustained is equally applicable to the second one." McKinney v. County of Santa Clara, 110 Cal.App.3d 787, 794 (1980). Similarly, a dismissal under Rule 12(b)(6) constitutes a final adjudication on the merits for the purposes of res judicata. Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 399 n. 3 (1981). In Gillies I and Gillies II, the state court sustained a demurrer to Gillies' complaint without leave to amend. In Gillies III, the district court dismissed Gillies' complaint under Rule 12(b)(6) without leave to amend. Each of the orders are final and constitute a final judgment on the merits entitled to res judicata.

    7.   Identity of Claims

To determine whether there is an identity of claims, the court considers the following factors: "(1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions." ProShipLine Inc. v. Aspen Infrastructures Ltd., 609 F.3d 960, 968 (9th Cir. 2010) (emphasis in original).

In his First Claim for Relief in this adversary proceeding, Gillies claims that (1) Chase has no beneficial interest in the Note or Deed of Trust because the loan was sold to a mortgage-backed securities trust prior to Chase's purchase from WaMu; (2) that Chase does not have standing to enforce the Note because Chase is not the owner or holder of the Note, and is not a beneficiary under the Note; and (3) that Chase lacks standing to authorize a foreclosure on the Property under the Deed of Trust. Gillies made substantially identical claims in Gillies I, Gillies II, Gillies III, and Gillies IV. In Gillies I, Gillies challenged Chase's right to foreclose on the Property under the Deed of Trust as an assignee or successor of Washington Mutual Bank. The California Court of Appeals affirmed the trial court's order sustaining Chase's demurrer in

Gillies I, stating "[t]here is simply no reasonable dispute that Chase is Washington Mutual Bank's successor-in-interest as to Gillies' trust deed."[25]

Gillies I, Gillies II, Gillies III, Gillies IV and Gillies V each arise out of the same transactional nucleus of facts. The claims in each case are based on the Note and Deed of Trust secured by the Property. The issues in Gillies' five complaints are the same, regardless of the theory and title Gilles attaches to the various causes of action. In Gillies I, Gillies II and Gillies III, Gillies challenged Chase's standing to enforce the Note and Deed of Trust, alleging that Chase was not the owner or holder of the Note nor a beneficiary under the Note and Deed of Trust.[26] The claims made the basis of Gillies' First Claim for Relief in this adversary proceeding were fully and finally adjudicated in Gillies I and thus barred, as determined by the state court in Gillies II and Gillies IV and the federal district court in Gillies III. Also barred are newly articulated claims based on the same nucleus of facts if they could have been brought in the earlier action. See Tahoe Sierra Preservation Council, 322 F.3d at 1078. Chase's rights and interests under the Note and Deed of Trust were adjudicated by a final judgment in Gillies I, Gillies II, and Gillies III. Chase's rights would be impaired or destroyed by prosecution of the Complaint in this adversary proceeding -- Gillies V.

For the reasons stated, Gillies First Claim for Relief must be dismissed as barred by res judicata.

E.    **Gillies' Second Claim for Relief Must be Dismissed for Failure to State a Claim Upon Which Relief Can be Granted.**

To state a cause of action to quiet title under California law, a plaintiff must allege:

> a. A description of the property that is the subject of the action. . . .   In the case of real property, the description shall include both its legal description and its street address or common designation, if any.

---

[25] See footnote # 12, infra.

[26] Indeed, the language of Gillies' Second Cause of Action in Gillies IV is nearly identical to the allegations in his First Claim for Relief in this adversary proceeding.

    b.  The title of the plaintiff as to which a determination under this chapter is sought and the basis of the title. . . .

    c.  The adverse claims to the title of the plaintiff against which a determination is sought.

    d.  The date as of which the determination is sought.  If the determination is sought as of a date other than the date the complaint is filed, the complaint shall include a statement of the reasons why a determination as of that date is sought.

    e.  A prayer for the determination of the title of the plaintiff against the adverse claims.

Cal. Civ. Proc. Code § 761.020.  "Quieting title is the relief granted once the court determines that title belongs to the plaintiff." Leeper v. Beltrami, 53 Cal.2d 195, 216 (1959).  The plausibility of Gillies' quiet title claim hinges on the viability of his allegation that Chase does not have standing to enforce the Note and lacks authority to foreclose on the Property under the Deed of Trust.  The court has determined that Gillies' First Claim for Relief is barred by res judicata,  Furthermore, "a borrower may not assert 'quiet title' against a mortgagee without first paying the outstanding debt on the property." Rosenfeld v. JPMorgan Chase Bank, N.A., 732 F.Supp.2d 952, 975 (N.D. Cal. 2010).  It is undisputed that Gillies has not paid the Note secured by the Deed of Trust.  Accordingly, Gillies' Second Claim for Relief must be dismissed without leave to amend.

F.    <u>Gillies' Third Claim for Relief Must be Dismissed for Failure to State a Claim Upon Which Relief Can be Granted</u>.

    Gillies' third claim seeks declaratory and injunctive relief.  Gillies requests "a judicial determination of his rights and duties as to the validity of the Note and [Deed of Trust], and [Chase's] right to proceed with nonjudicial foreclosure on the Property."[27]  "A declaratory judgment is not a theory of recovery." Commercial Union Ins. Co. v. Walbrook Ins. Co., Ltd., 41 F.3d 764, 775 (1st Cir. 1994).  "[W]here a plaintiff has alleged a substantive cause of action, a declaratory relief claim should not be used as a superfluous 'second cause of action for the determination of identical issues' subsumed within the first." Jensen Quality Loan Serv. Corp.,

---

[27] Complaint, 9:17-19.

702 F.Supp.2d 1183, 1189 (E.D. Cal. 2010) (citation omitted). Gillies' Third Claim for Relief for declaratory judgment is entirely duplicative of his quiet title claim. Having determined that his First Claim for Relief and quiet title claim should be dismissed, the court must dismiss Gillies' claim for declaratory relief as redundant.

Similarly, Gillies' Third Claim for Relief to the extent that it seeks injunctive relief must be dismissed. "Injunctive relief is a remedy and not, in itself a cause of action." McDowell v. Watson, 59 Cal.App.4th 1155, 1159 (1997); see Rosenfeld, 732 F.Supp.2d at 975 ("[D]eclaratory and injunctive relief are not causes of action; rather, they are remedies."); Santos v. Countrywide Home Loans, 2009 WL 3756337, *5 (E.D. Cal. 2009) ("Declaratory and injunctive relief are not independent claims, rather they are forms of relief."). A pleading can "request injunctive relief in connection with a substantive claim, but a separately pled claim or cause of action for injunctive relief is inappropriate." Jensen v. Quality Loan Serv. Corp., 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010). Therefore, Gillies' Third Claim for Relief must be dismissed.

G. Leave to Amend Will Be Denied.

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that "[t]he court should freely give leave [to amend] when justice so requires." F.R.Civ.P. 15(a)(2).[28] If a complaint lacks facial plausibility, a court must grant leave to amend unless it is clear that the complaint's deficiencies cannot be cured by amendment. See, e.g., Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998) ("Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility."); Rutman Wine, 829 F.2d at 738 ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

Gillies' First Claim for Relief is barred by res judicata and must be dismissed without leave to amend. Since the Second and Third Claims for Relief are essentially remedies sought by Gillies in conjunction with his First Claim for Relief, Gillies' Second and Third Claims for Relief must be dismissed without leave to amend as well.

---

[28] Rule 15(a)(2) is applicable to adversary proceedings by virtue of FRBP 7015.

15

CONCLUSION

In sum, Chase's motion must be granted pursuant to F.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Gillies' Complaint fails to state a claim upon which relief can be granted with respect to his First, Second and Third Claims for Relief. Because it is clear that the Complaint's deficiencies as to each of the claims cannot be cured by amendment, the claims made the basis of Gillies' Complaint must be dismissed without leave to amend. The status conference in this adversary proceeding, which was continued at the hearing to 10:00 a.m. on November 10, 2016, is taken off calendar.

###

Date: September 15, 2016



Peter H. Carroll
United States Bankruptcy Judge